**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 18 2003**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JOSEPH BARBOA, also known as
Joseph Sandoval,

       Plaintiff-Appellant,

v.

SCOTT BAIRD, Deputy, Bernalillo
County Sheriff's Office; VAN
ELDREDGE, Deputy, Bernalillo
County Sheriff's Office; A.N.
ESCALANTE, Deputy, Bernalillo
County Sheriff's Office;
BERNALILLO COUNTY,

       Defendants-Appellees.

No. 03-2028
(D.C. No. CIV-01-210 WPJ/LFG)
(D. N.M.)

---

### ORDER AND JUDGMENT *

---

Before **O'BRIEN** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joseph Barboa, proceeding pro se, appeals from the district court's grant of summary judgment in favor of defendants. [1] Barboa's complaint under 42 U.S.C. § 1983 alleged that the defendant police officers used excessive force during his arrest. Barboa also sought to hold Bernalillo County liable for creating customs and policies that encourage the use of excessive force against arrestees. The district court found that the undisputed facts demonstrated that Barboa's actions gave Defendant Baird probable cause to believe that Barboa posed a threat of serious physical harm to Baird, as well as to other officers at the scene and the public at large, and that deadly force was necessary to prevent his escape. [2] Because the district court found no liability on the part of the individual officers, the court did not reach the issue of municipal liability. We affirm.

I.

On the morning of March 17, 1998, police dispatchers received a call that an alarm had gone off at Jerry's Market and that a white pick-up truck had been

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2]    Defendants argued also that *Heck v. Humphrey*, 512 U.S. 477 (1994) bars Barboa's lawsuit. The district court briefly discussed the *Heck* argument, but did not ultimately resolve the issue because it found that Barboa failed to rebut defendants' showing on summary judgment. We will not address the *Heck* argument on appeal because we agree with the district court that summary judgment on the merits was appropriate.

seen leaving the area. R. Vol. I, Doc. 38, Ex. A at ¶ 3. [3] Defendant Eldredge saw a white pick-up truck in the vicinity matching the description from dispatch so he turned on his emergency lights and he began pursuing it. R. Vol. I, Doc. 38, Ex. D at 6. [4] Barboa was driving that morning on his way to a methadone clinic when he noticed a police car coming up behind him at a high rate of speed. R. Vol. II, Doc. 43 at 2-4. [5] He slowed down to see if the police car would pass. *Id.* at 4. When the police car slowed down behind him, Barboa remembered that he had a misdemeanor warrant for his arrest. *Id.* After continuing to drive a bit further, Barboa did pull over. *Id.* Barboa got out of the car and started walking towards the police car. *Id.* at 5. Eldredge ordered Barboa back into his vehicle. *Id.* at 6.

At that point, Barboa figured that he was going to jail and that he would be sick without his methadone dose. *Id.* Barboa got back into his truck and attempted to drive away around the police car. *Id.* His truck crashed into a utility pole, but he kept going. *Id.* He drove to get on the ditch bank and he hoped that Eldredge would not follow him. *Id.* at 6-7. As soon as he got away from Eldredge, he planned to leave the truck on the ditch and run on foot. *Id.* at 7. With Eldredge in pursuit, Barboa lost control of the truck and it slid into the

---

[3]     Document 38, Exhibit A is Baird's affidavit.

[4]     Document 38, Exhibit D is Eldredge's taped statement.

[5]     Document 43 is Barboa's affidavit.

ditch. *Id.* Barboa climbed out of the truck and he heard the officers yell for him to stop or they would shoot. [6] *Id.* Barboa jumped out of the ditch and started running. *Id.* at 8.

Barboa ran across some alfalfa fields and then he ended up on another road. *Id.* He noticed a red truck running with the parking lights on so he jumped into the truck and he asked the driver to drive him away from there. *Id.* at 8-9. The driver jumped out of the car when the officers approached. *Id.* at 9. Barboa slid over onto the driver's side of the truck and he tried to put the truck into reverse. *Id.* He started going in reverse and he saw Eldredge trying to grab onto the truck so he made the truck go faster. *Id.* at 9-10.

The truck got stuck and Barboa saw Eldredge trying to get on the bumper of the truck and put his leg over the tailgate. *Id.* at 10-11. Barboa got the truck started again and Eldredge fell off the back bumper. *Id.* at 11. Baird saw Eldredge dragged by the car and then thrown from the vehicle. R. Vol. I, Doc. 38, Ex. A. at ¶ 11. Another police car arrived on the scene and tried to block Barboa's truck from moving. R. Vol. II, Doc. 43 at 11. Barboa avoided the other police car and then he saw Baird standing in front of the truck pointing a gun at him. *Id.* at 12. Barboa began driving towards Baird. R. Vol. I, Doc. 38,

---

[6]     By that time Defendant Baird had arrived at the scene to assist Defendant Eldredge.

Ex. A at ¶ 12.  Fearing for his life, Baird fired one shot through the windshield. *Id.* at ¶ 13.  Barboa slumped down in his seat and the car rolled to a stop.     *Id.*

Barboa's gunshot wound caused him to lose vision in his left eye.  R. Vol. I, Doc. 1, Ex. 2B at ¶ 1.  Eldredge suffered a broken rib and a head laceration from being thrown from Barboa's car.  R. Vol. I, Doc. 38, Ex. A at ¶ 11.  Barboa was arrested and charged with, among other things, aggravated battery upon a peace officer (great bodily harm) or in the alternative, aggravated battery upon a peace officer (deadly weapon) based on the harm to Eldredge, and aggravated assault upon a peace officer (deadly weapon) based on the assault upon Baird.  Aplees. Br. at 12-13.

## II.

We review the district court's grant of summary judgment de novo, applying the same standard as the district court.      *See Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*     , 165 F.3d 1321, 1326 (10th Cir. 1999).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When applying this standard, "we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."

*McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998) (quotation omitted).

Barboa asserts that the individual defendants used excessive force in effecting his arrest on March 17, 1998. Defendants do not dispute that they used deadly force when they were attempting to arrest Barboa, but they argue that the use of deadly force was justified. "[D]eadly force [is] justified under the Fourth Amendment if a reasonable officer in [defendants'] position would have had probable cause to believe that there was a threat of serious physical harm to themselves or to others." *Sevier v. City of Lawrence*, 60 F.3d 695, 699 (10th Cir. 1995). The district court properly found that defendants met their burden on summary judgment.

The undisputed facts, construed in favor of Barboa, show that a reasonable officer would have probable cause to believe that Barboa posed a threat of serious physical harm to himself or to others. Barboa concedes that he was purposely fleeing the police because he did not want to go to jail. Barboa admits that during the pursuit, he attempted to get away from Eldredge after he was initially pulled over, even though Eldredge told him to stay where he was. He acknowledges that in his attempt to flee he struck a utility pole, but that he kept driving. In his affidavit, he explained that he drove up on the ditch bank and hoped that Eldredge would not follow him. Eldredge did follow him and during the pursuit, Barboa

-6-

lost control of his car and it slid into a ditch. At that point, Barboa climbed out of the car and started fleeing on foot, even though he heard the officers yell for him to stop. Barboa then admits that he jumped into a truck on the street and attempted to drive it away after the driver exited the vehicle. Barboa concedes also that he saw Eldredge trying to grab onto the truck while Barboa was reversing so he made the truck go faster. He then saw Eldredge fall off the back bumper. Barboa acknowledges that he saw another police car arrive and try to block his car, but that he accelerated again attempting to flee. As Barboa accelerated, Barboa saw Baird standing right in front of him and he drove towards Baird.

The use of deadly force under these circumstances was justified, and no reasonable jury could find otherwise. Indeed, Barboa's conduct in driving the truck towards Baird posed a threat of serious physical harm to him, and the officers could also reasonably have concluded that, if they did not employ deadly force, and had Barboa left the scene and continued to operate a vehicle in the same desperate manner he had been doing all morning, other persons would have been put in danger. Summary judgment is therefore appropriate on Barboa's claim of excessive force.

Barboa also named Bernalillo County as a defendant, alleging a custom and policy of encouraging the use of excessive force, and further alleging failure to

supervise.  The district court properly determined that it did not need to reach the issue of municipal liability because it found no individual liability against the police officers.  *See Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996).

This court reminds Barboa that he must continue making partial payments until the entire balance of his appellate filing fee is paid.  All outstanding motions are denied.  The judgment of the district court is AFFIRMED.

Entered for the Court

Wade Brorby
Senior Circuit Judge